Grady HARVELL

v.

J. Ellis OVERLADE, Warden, Indiana
State Prison.

Civ. No. 2042.

United States District Court
N. D. Indiana, South Bend Division.

Feb. 29, 1956.

Grady Harvell, pro se.

Robert M. O'Mahoney, Deputy Atty.
Gen., for respondent.

PARKINSON, District Judge.

This is a habeas corpus proceeding instituted on the filing of a petition veri-fied on oath by the petitioner. The court ordered writ issued, return and answer thereto was filed by the respondent and the cause was submitted to the court on the merits.

The findings of fact and conclusions of law will appear in this opinion and it will be filed and will serve as such.

It is the contention of the petitioner that:

1. His detention is illegal because he was charged with the crime of murder in an affidavit and was not indicted by grand jury.

2. He was not represented by counsel.

■ Under the law in Indiana prosecution for the crime of murder must be by grand jury indictment.

■ As to the first contention of the petitioner the documentary evidence in the record conclusively shows that the petitioner was charged with the crime of murder by indictment of the grand jury of St. Joseph County, Indiana. The indictment was introduced in evidence and reads as follows:

| | | In the St. Joseph |
| "State of Indiana | | Circuit Court |
| St. Joseph County | ss: | September Term—1952 |

| State of Indiana | Cause No. 9974 |
| vs. | Indictment |
| Grady Harvell | for First Degree Murder |

"The Grand Jurors of St. Joseph County, Indiana, for the September Term, A. D., 1952, of the St. Joseph Circuit Court upon their oaths do present that on or about the 8th day of June, A.D., 1952, at and in the County of St. Joseph, State of Indiana, one Grady Harvell did then and there unlawfully, feloniously and purposely, and with premeditated malice, kill and murder one Nannie Harvell, by then and there unlawfully, feloniously, purposely and with premeditated malice shooting at and against the said Nannie Harvell, with a certain deadly weapon, called a pistol, then and there loaded with

gun powder and bullets, and thereby inflicted a mortal wound upon the said Nannie Harvell, of which mortal wound the said Nannie Harvell then and there died. And so the Grand Jurors aforesaid, upon their oaths aforesaid, do say and charge that the said Grady Harvell, the said Nannie Harvell, in the manner and form aforesaid, unlawfully, feloniously, purposely and with premeditated malice, did kill and murder, contrary to the form of statute in such cases made and provided and against the peace and dignity of the State of Indiana.

"(Seal)    Garham W. McGowan
            "Prosecuting Attorney

"Warrant ordered issued, bond fixed at $————

            "Dan Pyle
            "Judge, St. Joseph Circuit Court."

The contention of the petitioner that he was not indicted by grand jury is not only entirely without merit but when he signed the petition containing that allegation and swore upon his oath that the facts stated therein were true he committed perjury and when he testified under oath in this court that he was not indicted by grand jury he again committed perjury.

■■■ As to the second contention of the petitioner, the commitment under which he is now in custody of the respondent was introduced in evidence and reads as follows:

"State of Indiana ⎤            The St. Joseph
St. Joseph Coun- ⎬ ss:      County Circuit
ty,              ⎦          Court November Term, 1952
                            November 18, 1952.

"To the Sheriff of St. Joseph County, Greeting:

"Be It Remembered, that heretofore, to-wit: At a term of the Circuit Court of St. Joseph County, in the State of Indiana, begun, holden and continued at the Court House in the City of South Bend on the 18th day of November 1952, the same being the 2nd judicial day of the November term, A.D. 1952, of the said Circuit Court of St. Joseph County, before the Honorable Dan Pyle sole Judge thereof, the following proceedings were had in the cause of

"The State of ⎤
  Indiana    ⎬ No. 9974    Crime First
    vs.      ⎥             Degree Murder
Grady Harvell⎦

"Comes now the State of Indiana, by Graham W. McGowan Prosecuting Attorney; comes also the defendant in person and by counsel Max Buntman and the Court finds that the defendant Grady Harvell is 32 years of age, and that said defendant is guilty of the crime charged, namely: First Degree Murder.

"It is by the Court, therefore, ordered and adjudged that the said defendant for the offense by him committed, that he is imprisoned in the Indiana State Prison for the rest of his natural life of and that he pay and satisfy the costs and charges herein taxed at $17.95.

"The Sheriff of said St. Joseph County is hereby charged with the due execution of the foregoing judgment.

            "Dan Pyle Judge"

It shows that the petitioner was represented by counsel, Max Buntman. The petitioner testified that he employed Max Buntman and paid him $500, and the undisputed evidence is that Max Buntman is a member of the St. Joseph County Bar; that he has been engaged in the practice of the law in South Bend, Indiana since 1926; that he was employed by the petitioner to represent him as counsel in the St. Joseph Circuit Court; that he appeared as counsel for him and the defendant pleaded not guilty to the crime charged in the indictment; that he conferred with the petitioner in the St. Joseph County jail from time to time; that the petitioner had shot his wife in the back causing her death and could not interpose a defense of self-defense; that he filed a plea of insanity for the petitioner; that the court appointed two doctors who examined the petitioner and found him to be sane at the time of the commission of the offense; that

thereafter the petitioner appeared in the St. Joseph Circuit Court in person and by Max Buntman, his counsel, changed his plea to guilty and was sentenced by the court on his plea of guilty.

The contention of the petitioner that he was not represented by counsel is not only entirely without merit but when he signed the petition containing that allegation and swore upon his oath that the facts stated therein were true he committed perjury and when he testified under oath in this court that he was not represented by counsel he again committed perjury.

There is absolutely no merit to the petition herein, the allegations thereof are false and the prayer of the petition is denied; the petition is ordered dismissed; the respondent is ordered discharged from the writ, and the petitioner is ordered remanded to the custody of the respondent.